IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**STEVEN S. DELANEY,**

    Plaintiff,

v.                                                            Civil Action No. **3:23CV468 (RCY)**

**SERGEANT FRANZEN,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Steven S. Delaney, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] On November 20, 2023, the Court directed Delaney to file a particularized complaint. On January 2, 2024, Delaney filed a Particularized Complaint. (ECF No. 13.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS

In his Particularized Complaint, Delaney alleges as follows:[2]

     1)     On April 29, 2023, I was in the care of the Rappahannock Regional Jail. Mr. Sergeant Walker was in charge of my housing unit C-3. On that day, Mr. Sergeant Walker charged me with destroying jail property. I had already been charged with the mat he found in my cell. I was charged with that charge the last week in March. I told Mr. Sergeant Walker that, but he still charged me a second time anyway. Mr. Sergeant Walker was aware that I would receive cell restriction on a later date for that charge.
     2)     On April 30, 2023, I was in the care of the Rappahannock Regional Jail. Mr. 1st Sergeant Franzen offered me a penalty of 3 days cell restriction for the charge of destroying jail property. I turned that offer down. Later I was found guilty for that charge and was given 3 days cell restriction. Mr. 1st Sergeant Franzen was aware I would get cell restriction for that charge. Mr. 1st Sergeant Franzen is also the Watch Commander.
     3)     On May 8, 2023, I was in the care of Rappahannock Regional Jail. Mr. Superintendent Joseph Higgs, Jr. was in charge of the jail. Mr. Joseph Higgs, Jr. denied my appeal for my charge of destroying jail property. He placed me on cell restriction. I started cell restriction on May 9, 2023, to May 11, 2023. I was not let out of my cell until May 12, 2023 because of the jail being short staffed. During that 90 hours, I was not let out of my cell for . . . showers or exercise periods.

---

[2] The Court utilizes the pagination assigned to Delaney's Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in quotations from Delaney's Particularized Complaint.

> It clearly states on page 78 of the Rappahannock Regional Jail rule book that inmates have a <u>right</u> to a shower and exercise periods.
> 
> The Rappahannock Regional Jail's Operating Procedure states every inmate is to receive a shower every 72 hours.
> 
> "EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT"
> 
> Mr. Sergeant Walker wrote me a charge which caused me to receive cell restriction. (1) (3) Mr. Sergeant Walker was aware that I was on cell restriction while I was in the care of the Rappahannock Regional Jail. That made it his job as an employee to check on my well-being. He did not check on me during that four days that I did not get showers or exercise periods. This caused me mental anguish. I am in extreme pain and distress esp. of mind. I also have nightmares. I cannot sleep because of being trapped in a cell for 90 hours with no showers or exercise. This is affecting my health and quality of life. Sergeant Walker is liable because he did not do his job.
> 
> . . . .
> 
> Mr. 1st Sergeant Franzen he is also the Watch Commander. (2) (3) Offered me a penalty of three days cell restriction. Mr. 1st Sergeant Franzen overseen my cell restriction while I was in the care of the Rappahannock Regional Jail where he was an employee. That made it his job to check on my well-being. He did not check on my well-being for those four days while I was on cell restriction when I did not receive a shower or exercise. This caused me mental anguish. I am in extreme pain and distress esp. of mind. I also have nightmares. I cannot sleep because of being trapped in a cell for 90 hours with no shower or exercise. This is affecting my quality of life. Mr. 1st Sergeant Franzen is liable because he did not do his job.
> 
> . . . .
> 
> Mr. Superintendent Joseph Higgs denied my appeal which caused me to receive cell restriction. (3) Mr. Superintendent Higgs was aware I was on cell restriction while I was in care of Rappahannock Regional Jail which he was an employee. That made it his job to check on me during those 90 hours I did not receive a shower or exercise. This caused me mental anguish and distress esp. of mind. I also have nightmares. I cannot sleep because of being trapped in a cell for 90 hours with no shower or exercise. This is affecting my health and quality of life. Mr. Superintendent Joseph Higgs, Jr. is liable because he did not do his job.

(ECF No. 13, at 1–5.)

The Court construes Delaney to raise the following claim for relief:

Claim One:   Defendants Walker, Franzen and Higgs ("Defendants") violated Delaney's

> rights under the Eighth Amendment[3] by denying him a shower and out of cell exercise for 90 hours.

Delaney seeks monetary damages. (*Id.* at 6.)

### III. ANALYSIS

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Court notes that Delaney was convicted on March 3, 2023, so he was a convicted felon at the time of his complaints, and the Eighth Amendment applies. *See* https://eapps.courts.state.va.us/ocis/landing, follow "Accept" button; enter "Delaney, Steven," and follow "Search" button; click on "CR23000150-00" for example (last visited Feb. 1, 2024).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim One, Delaney contends that Defendants violated his Eighth Amendment rights by refusing to allow him to shower or leave his cell for exercise during a 90-hour period. While the denial of out of cell exercise or showers for extended periods can give rise to an Eighth Amendment violation, that is not the case here.[4] Despite Delaney's assertion to the contrary, "[t]he denial of [Delaney's] right to shower . . . for [nearly] four days does not constitute an Eighth Amendment violation." *Yarborough v. Robinson*, No. 97–7603, 1998 WL 879660, at *2 (4th Cir. Dec. 17, 1998); *see Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (concluding that no Eighth Amendment violation occurred when inmate was given water and cleaning supplies but denied a shower for three days after having human waste thrown on him); *Lunsford v. Hall*,

---

[4] *See, e.g.*, *Rivera v. Mathena*, 795 F. App'x 169, 175 (4th Cir 2019) (reversing district court because factual issue remained on whether several periods of no "shower for eight weeks" and no "exercise for about two months" were a "combination and duration of . . . shower and exercise deprivations" that "'were sufficiently lengthy and severe' to satisfy the objective prong").

6

No. 3:16–CV–00625, 2016 WL 4801626, at *3 (M.D. Tenn. Sept. 14, 2016) (concluding no Eighth Amendment violation occurred where plaintiffs were denied recreation for a four-day period during an investigative lock down); *Barnes v. Cnty. of Monroe*, 85 F. Supp. 3d 696, 738 (W.D.N.Y. 2015) (finding four-day shower and exercise deprivation did not violate Constitution, noting that "[e]ven a two-week suspension of shower privileges does not constitute a denial of 'basic hygienic needs'" (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003))); *Nally v. N. Reg'l Jail*, No. 2:11CV85, 2012 WL 5494512, at *4 (N.D. W. Va. Oct. 15, 2012) (concluding that denial of showers for four days did not violate the Eighth Amendment), *R&R adopted by* 2012 WL 5494611 (N.D. W. Va. Nov. 13, 2012); *cf. Jones v. Solomon*, 90 F.4th 198, 211–13 (4th Cir. 2024) (examining legal landscape of unsanitary cell conditions and determining that inmate forced to defecate in dry cell with no toilet paper and eat with contaminated hands did not "pose[] a substantial risk of serious harm in violation of Eighth Amendment").

Delaney fails to allege facts that plausibly suggest that he suffered a serious or significant physical or emotional injury from the temporary deprivation of showers or exercise. *De'Lonta*, 330 F.3d at 634. Delaney suggests that he suffered "extreme pain," and emotional injury, "mental anguish and distress esp. of mind," and alleges that he currently has nightmares nine months later. However, this is nothing more than a recitation of the legal standard and the Court has difficulty believing that Delaney could have suffered nightmares, and an extreme amount of mental distress simply from being denied a shower or out of cell exercise for less than four days nine months ago. Accordingly, this is doubtfully sufficient to allege a serious or significant injury. Nevertheless, even if the Court found that Delaney satisfied the objective prong, Delaney does not satisfy the subjective element. Delaney fails to allege facts indicating that Defendants knew of a substantial risk of harm to Delaney and ignored that risk by denying him showers and exercise during a 90-

hour period. *Farmer*, 511 U.S. at 837; *cf. Jones*, 90 F.4th at 211–13 (determining that conditions were not "so unsanitary as to alert Defendants they had crossed the constitutional line"). Accordingly, Claim One will be DISMISSED.[5]

### IV. CONCLUSION

For the foregoing reasons, Delaney's claim will be DISMISSED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 23, 2024
Richmond, Virginia

---

[5] Delaney also suggests that Defendants violated his Eighth Amendment rights by not personally checking on his welfare. Delaney does not allege that he was denied food or beverages during this time, so clearly other staff were checking on him several times a day. Thus, Delaney fails to allege facts that would plausibly suggest that Defendants subjected him to cruel and unusual punishment by not personally checking on him.